IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NA KIAʻI KAI, an unincorporated association, SURFRIDER FOUNDATION, a non-profit corporation, and PESTICIDE ACTION NETWORK NORTH AMERICA, a non-profit corporation,<br><br>      Plaintiffs,<br><br>  v.<br><br>JAMES NAKATANI in his official capacity as Executive Director of the STATE OF HAWAIʻI AGRIBUSINESS DEVELOPMENT CORPORATION, and VIRGINIA PRESSLER in her official capacity as Director of Health for the STATE OF HAWAIʻI DEPARTMENT OF HEALTH,<br><br>      Defendants. | CIVIL NO. 18-00005 DKW-RLP<br><br>**ORDER GRANTING DEFENDANT PRESSLER'S MOTION TO DISMISS** |

## INTRODUCTION

Pressler, in her official capacity as Director of Health for the State of Hawaii Department of Health ("DOH"),[1] seeks dismissal of Plaintiffs' First Amended

---

[1] In her June 22, 2018 reply brief, Pressler notified the Court that effective June 1, 2018, Bruce Anderson, Ph.D. became the Director of the Department of Health, and under Federal Rule of Civil Procedure 25, Anderson is automatically substituted in place of Pressler. For the purpose of

Complaint ("FAC"). The organizational Plaintiffs allege exclusively state law claims against Pressler. However, under the Eleventh Amendment sovereign immunity afforded the State of Hawaii and its officials sued in their official capacities, Pressler is immune from suit in this court, and there is no basis to find waiver. Accordingly, Pressler's motion to dismiss is GRANTED.

## BACKGROUND

The sole claim against Pressler is for violation of her public trust duties under the Hawaii State Constitution, Article XI; Hawaii Revised Statutes ("HRS") § 342D-4; and Hawaii Administrative Rules ("HAR") § 11-54-1.1(b). Plaintiffs allege that such a violation occurred when Pressler aided, abetted, and facilitated the State Agribusiness Development Corporation ("ADC") Director's continuous or intermittent discharges of polluted waters from the drainage ditch system into waters of the United States, without a permit, in violation of HRS § 342D-50(a). *See* FAC ¶ 92. Plaintiffs do not contest the applicability of the Eleventh Amendment to their claims against Pressler in her official capacity, but argue instead that she waived this defense by her conduct in this and prior litigation. The Court briefly recounts the litigation history between the parties.

---

Pressler's Motion to Dismiss, however, Pressler remains the named Defendant. *See* Reply at 2 n.1, Dkt. No. 34.

I.   **Procedural Background**

Plaintiffs filed their complaint in the first of two civil actions in this district court, *Na Kiaʻi Kai et al. v. State of Hawaii Agribusiness Development Corp. et al.*, Civ. No. 16-00405 DKW-RLP, on July 25, 2016, naming ADC and DOH only. The first case alleged CWA violations by the ADC and violations of public trust duties by both ADC and DOH.  Compl. ¶¶ 83–92, Dkt. No. 1 in Civ. No. 16-00405. Pressler was not named as a defendant.  DOH filed an answer, Dkt. No. 17 in Civ. No. 16-00405, and the parties engaged in discovery for several months during 2017, including taking the depositions of two DOH employees following Plaintiffs' motion to compel, Dkt. No. 46 in Civ. No. 16-00405.

On October 30, 2017, the parties stipulated to the dismissal without prejudice of Plaintiffs' first case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See* Dkt. No. 54 in Civ. No. 16-00405.  Under the terms of the Joint Stipulation for Dismissal of All Claims, all of Plaintiffs' claims against ADC and DOH were dismissed without prejudice, *id.*, and the parties agreed that discovery requests and responses from the first case would apply to Plaintiffs' claims against defendants in the new proceeding that Plaintiffs planned to file.  *See* Decl. of Kylie Wager Cruz ¶ 22, Dkt. No. 31-1.  According to Plaintiffs, DOH did not raise its Eleventh Amendment sovereign immunity defense at any point in the parties'

3

communications regarding the Plaintiffs' proposal to amend their complaint, enter into the stipulated dismissal, or to file a new complaint, nor did DOH object to the filing of a new complaint in a new civil action. Wager Cruz Decl. ¶ 23.

Plaintiffs filed their original complaint in the present civil action, Civ. No. 18-00005 DKW-RLP, on January 5, 2018, naming as defendants (1) James Nakatani in his official capacity as Executive Director of ADC and (2) DOH. Dkt. No. 1. On January 16, 2018, Plaintiffs filed their FAC, naming Nakatani in his official capacity, and for the first time, naming Pressler in her official capacity as Director of DOH. Dkt. No. 9. The FAC included three causes of action: (1) CWA and HRS § 342D-50(a) claims against Nakatani; (2) a breach of public trust claim against Nakatani; and (3) a breach of public trust claim against Pressler.

Pressler filed her first motion to dismiss on January 25, 2018, seeking dismissal of any federal claim against her for failure to give 60-days written notice of intent to file suit as required under the Clean Water Act, 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2(a)(2). Dkt. No. 14. In her reply in support of that motion, Pressler raised Eleventh Amendment sovereign immunity as a separate basis for dismissal of the public trust violation claim, in response to Plaintiffs' confirmation that they raised no federal claims against Pressler. Dkt. No. 24. The Court denied Pressler's motion because Plaintiffs had not asserted a

CWA claim against her, and declined to reach the merits of her Eleventh Amendment arguments because they were raised for the first time in her reply brief. *See* Dkt. No. 25 (4/20/18 Court Minutes); Dkt. No. 29 (4/20/18 Hrg. Tr.).

## II. <u>Pressler's Current Motion to Dismiss</u>

Pressler seeks dismissal, based upon the State's sovereign immunity, of Plaintiffs' sole claim against her for public trust violations under state law. That cause of action alleges—

> 92. Defendant DOH Director, through DOH, is breaching her public trust duties under Haw. Const. art. XI, §§ 1 and 6, H.R.S. § 342D-4, and H.A.R. § 11-54-1.1(b) by aiding, abetting, and facilitating the ADC Director's continuous or intermittent discharges, through ADC, of polluted waters from the drainage ditch system into waters of the United States without a permit, in violation of H.R.S. § 342D-50(a).
>
> 93. Alternatively, even if the pollution in and from the drainage ditch system did not require a permit, defendant DOH Director, through DOH, is breaching her public trust duties under Haw. Const. XI, §§ 1 and 6, H.R.S. § 342E-3, and H.A.R. § 11-54-1.1(b), by failing to protect nearshore marine and inland waters from nonpoint source pollution.
>
> 94. Regardless of whether the pollution in and from the drainage ditch system constitutes point or nonpoint source pollution, defendant DOH Director, through DOH, is breaching her public trust duties under Haw. Const. XI, §§ 1 and 6, H.R.S. § 342D-4, and H.A.R. § 11-54-1.1(b), by failing to ensure compliance with water quality

> standards, including those set forth in H.A.R. §§ 11-54-4, 11-54-5.2, and 11-54-6.

FAC ¶¶ 92–93. Nakatani filed a joinder in Pressler's motion, and agrees that she is immune from suit with respect to all claims against her. Dkt. No. 32. Plaintiffs oppose the motion on the basis that Pressler did not timely assert the defense of Eleventh Amendment sovereign immunity.

## **STANDARD OF REVIEW**

A court's subject matter jurisdiction may be challenged under Federal Rule of Civil Procedure 12(b)(1). "Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).[2] A defendant may, however, be found to have waived sovereign immunity if it does not invoke its immunity in a timely fashion and takes actions indicating consent to the litigation. *See id.*; *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 760 (9th Cir.), *amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999).

---

[2]*Cf. Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 (9th Cir.), *cert. denied*, 138 S. Ct. 459, 199 L. Ed. 2d 331 (2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion.") (citing *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015), and *Eason v. Clark Cty. Sch. Dist.*, 303 F.3d 1137, 1140 (9th Cir. 2002)).

On a Rule 12(b)(1) motion to dismiss, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine*, 704 F.2d at 1077 (citing *Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Augustine*, 704 F.2d at 1077 (citing *Thornhill*, 594 F.2d at 733).

## **DISCUSSION**

The application of the Eleventh Amendment and principles of sovereign immunity to Plaintiffs' state-law breach of public trust claim against Pressler in her official capacity is not reasonably disputed. Because the Court determines that Pressler has neither waived the defense of sovereign immunity based upon her conduct in this matter nor based upon the DOH's conduct in the first lawsuit, the Court grants her motion to dismiss.

## I. Eleventh Amendment Sovereign Immunity Bars Plaintiffs' State Law Claims Against Pressler in her Official Capacity in Federal Court

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "A State may waive its sovereign immunity at its pleasure, *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675–676 (1999), and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State," or its agent sued in his or her official capacity. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011) (footnote omitted).

Here, the Eleventh Amendment immunizes Pressler, a state official sued in her official capacity, from state law claims brought in this court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017). *See* FAC ¶ 8 ("Virginia Pressler, in her official capacity as Director of Health for the Hawaiʻi Department of Health [is] breaching [her] public trust duties to conserve and protect water resources, including nearshore

8

marine and inland waters, under article XI, §§ 1 and 6 of the Hawai'i Constitution."). Thus, to the extent Plaintiffs seek declaratory and/or prospective injunctive relief via their state-law claims against Pressler, those claims are barred by the Eleventh Amendment, and no exception applies.[3]

## II. Pressler Has Not Waived Sovereign Immunity

Plaintiffs do not contest Pressler's sovereign immunity from suit. However, they contend that she waived any such defense through litigation conduct that was incompatible with an intent to preserve that immunity.[4] Plaintiffs offer several justifications for their waiver argument. None is persuasive.

The Ninth Circuit explains that "Eleventh Amendment immunity is an affirmative defense that must be raised 'early in the proceedings' to provide 'fair warning' to the plaintiff." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (quoting *Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001) (quoting *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 761 (9th Cir. 1999)),

---

[3]Under the *Ex Parte Young* doctrine, *see* 209 U.S. 123 (1908), a federal court may enjoin a state official's future conduct when a plaintiff brings suit alleging a violation of federal law, *Edelman v. Jordan*, 415 U.S. 651, (1974), but not where, as here, a plaintiff alleges a violation of state law. *Pennhurst*, 465 U.S. at 106 (stating that "when a plaintiff alleges that a state official has violated state law," then "the entire basis for the doctrine of *Young* ... disappears"); *see also McNally v. Univ. of Hawaii*, 780 F. Supp. 2d 1037, 1056 (D. Haw. 2011) (discussing *Ex Parte Young* doctrine).
[4]Plaintiffs do not assert that any statutory waiver of sovereign immunity applies, such as HRS chapter 662. *See* Mem. in Opp'n at 7 n.3, Dkt. No. 31.

*amended by* 201 F.3d 1186 (9th Cir. 2000)) (internal citation omitted). Because it is an affirmative defense, it can be waived. *Id*. "The test employed to determine whether a state has waived immunity 'is a stringent one.'" *In re Bliemeister*, 296 F.3d 858, 861 (9th Cir. 2002) (quoting *In re Mitchell*, 209 F.3d 1111, 1117 (9th Cir. 2000)). "A state generally waives its immunity when it 'voluntarily invokes [federal] jurisdiction or . . . makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction.'" *Id*. (quoting *In re Lazar*, 237 F.3d 967, 976 (9th Cir. 2001)) (alterations in original). "Express waiver is not required; a state 'waive[s] its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity.'" *Id*. (quoting *Hill*, 179 F.3d at 758).

Neither Pressler nor her predecessor in the previous litigation, the DOH, sat on Eleventh Amendment rights, waited until late in the proceedings, or acted in a manner inconsistent with an intent to preserve the State's sovereign immunity. Nor has Pressler made a clear declaration or otherwise conducted herself in a way to cause anyone to reasonably believe that she intends to submit herself to federal jurisdiction with respect to Plaintiffs' state law claims. Plaintiffs' assertions to the contrary are deficient for several reasons.

First, Plaintiffs argue that the DOH waived its sovereign immunity by pursuing discovery in the first case, Civ. No. 16-00405, without moving to dismiss

the state law claim based upon the Eleventh Amendment. Pressler, however, was not named as a party in the first lawsuit, nor is this a case in which the DOH's affirmative conduct during the prior litigation resulted in a waiver.[5] The DOH instead preserved its right to assert a sovereign immunity defense in its answer and then stipulated to the dismissal without prejudice of Plaintiffs' claims in the first lawsuit. No dispositive motions were filed and there was no delay in the assertion of the state agency's Eleventh Amendment immunity in the first case. As explained by Ninth Circuit in *Aholelei* when distinguishing the facts from those in *Hill* and *Bliemeister*—two of the same cases relied upon by Plaintiffs here—

> This is not a case in which the State defendants waited to raise their immunity defense. We have previously found that, in some circumstances, waiting to raise an immunity defense results in a waiver of immunity. *See Hill*, 179 F.3d at 756 (state defendant waived immunity "by participating in extensive pre-trial activities and waiting until the first day of trial" to raise immunity defense); *Bliemeister*, 296 F.3d at 862 (state defendant waived immunity defense by failing to raise it in answer, motion for summary judgment, or at oral argument at which court

---

[5]The DOH neither voluntarily invoked federal jurisdiction nor made a "clear declaration" that it intended to submit itself to federal jurisdiction. DOH asserted the affirmative defense of sovereign immunity in its Answer filed on September 9, 2016. *See* Dkt. No. 17 ¶ 34 filed in Civ. No. 16-00405. *Cf. Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002) (holding a state waived its Eleventh Amendment immunity by removing the case to federal court); *In re Lazar*, 237 F.3d 967, 976–78 (9th Cir. 2001) (holding that "when a state . . . files a proof of claim in a bankruptcy proceeding, the state waives its Eleventh Amendment immunity with regard to the bankruptcy estate's claims that arise from the same transaction or occurrence as the state's claim").

> announced preliminary view of case which was adverse to state defendant). There has been no delay in this case. The State defendants raised their immunity defense in answering and reasserted that defense on motion for summary judgment.

*Aholelei*, 488 F.3d at 1148. In sum, to the extent the prior action is relevant, DOH *did* timely assert sovereign immunity as a defense in its answer and, at the time Plaintiffs opted to dismiss the action without prejudice on October 30, 2017, several months remained before the February 14, 2018 dispositive motion deadline. *See* Dkt. No. 31 in Civ. No. 16-00405 (4/28/17 Am. Rule 16 Scheduling Order).

Second, and equally important, any waiver in the first case would not have carried over into the subsequent action following dismissal without prejudice of the first action. *See City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157–58 (9th Cir. 2002) (holding that claims barred by Eleventh Amendment in subsequent litigation were subject to dismissal because Rule 41(a)(1) "disallows the 'carry-over' of any waivers from a voluntarily dismissed action to its reincarnation"); *Nimry v. Iowa Dep't of Nat. Res.*, No. 4:08-CV-00407-JEG, 2009 WL 10703075, at *2 (S.D. Iowa Jan. 13, 2009) (a state's waiver of its Eleventh Amendment immunity in one lawsuit is no bar to its timely assertion of its immunity in a subsequent lawsuit); *Biomedical Patent Mgmt. Corp. v. California, Dep't of Health Servs.*, 505 F.3d 1328, 1339 (Fed. Cir. 2007) (explaining that "where a waiver of immunity occurs in an earlier action

that is dismissed, or an entirely separate action, courts, including our own, have held that the waiver does not extend to the separate lawsuit").

Third, Pressler has not waived sovereign immunity in the present civil action, in which she was named in her official capacity as a defendant for the first time. Pressler raised her Eleventh Amendment sovereign immunity very early in the proceedings—as an affirmative defense in her reply brief in support of her first Rule 12(b) motion to dismiss, filed within weeks of the FAC. The Court, however, simply declined to consider the issue at that time because Pressler raised it in reply for the first time, in violation of Local Rule 7.4. *See* Dkt. No. 24. Nor has Pressler filed an answer, and no discovery has yet commenced. Under these circumstances, the Court will not infer a waiver of sovereign immunity where the facts indicate precisely the opposite intent, based upon Pressler's conduct in this litigation.

In short, Pressler raised her immunity defense at an early opportunity, before filing an answer or motion for summary judgment, before discovery, and well before the inception of trial. *See Aholelei*, 488 F.3d at 1148; *cf. Hill*, 179 F.3d at 756 (state defendant waived immunity "by participating in extensive pre-trial activities and waiting until the first day of trial" to raise immunity defense). Plaintiffs here had "fair warning of [Pressler's] assertion of immunity," and "are not faced with an unfair use of an immunity defense." *Aholelei*, 488 F.3d at 1148-49.

## CONCLUSION

For the foregoing reasons, pursuant to the Eleventh Amendment and principles of sovereign immunity, Defendant Pressler is immune from suit in this court with respect to all of the claims against her in her official capacity. Both Pressler's Motion to Dismiss, Dkt. No. 26, and Nakatani's joinder, Dkt. No. 32, are GRANTED.

IT IS SO ORDERED.

DATED: July 13, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Na Kia'i Kai et al. v. Nakatani et al.,* CV. NO. 18-00005 DKW-RLP; **ORDER GRANTING DEFENDANT PRESSLER'S MOTION TO DISMISS**